**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIN WANG, | No. 13-71068 |
| Petitioner, | Agency No. A089-881-697 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Xin Wang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review de novo claims of due process violations. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's determination that Wang did not show that his political opinion, or any other protected characteristic, was a "central reason" for the harm he suffered or fears. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("a protected ground [must] represent 'one central reason' for an asylum applicant's persecution"). Thus, Wang's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Wang failed to show it is more likely than not that he would be tortured by the Chinese government, or with its consent or acquiescence. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We reject Wang's contention that the IJ violated his due process rights by overruling his objection to an alleged translation error, because he cannot establish the alleged error may have affected the outcome of his proceedings. *See Lata v.*

13-71068

*INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (a petitioner must show prejudice to prevail on a due process violation).

Finally, we lack jurisdiction to consider Wang's due process contention that the IJ abandoned her role as a neutral factfinder, because Wang did not raise this argument in his appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency).

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**